**SEAN D. COONEY, ESQ.**
Nevada Bar No. 12945
**ADAM C. EDWARDS, ESQ.**
Nevada Bar No. 15405
**CARMAN COONEY FORBUSH PLLC**
4045 Spencer Street Suite A47
Las Vegas, NV 89119
Telephone: (702) 421-0111
Facsimile: (702) 516-1033
Service@ccfattorneys.com
Attorneys for Defendants
Mercury Casualty Company dba Mercury Insurance

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GLORIA MEZA,<br><br>            Plaintiff,<br><br>v.<br><br>MERCURY CASUALTY COMPANY dba MERCURY INSURANCE COMPANY; JOHN DOES I-XX, inclusive; ABC CORPORATIONS I-X, inclusive; and BLACK AND WHITE COMPANIES, I-X, inclusive,<br><br>            Defendant | **PETITION FOR REMOVAL** |

Defendants Mercury Casualty Company dba Mercury Insurance, reserving all rights defenses exceptions and claims and without waiver thereof, removes this action from the District Court for the State of Nevada, County of Clark, to the United States District Court for the District of Nevada pursuant to 28 U.S.C.

section 1441(a), *et seq*. In support of this petition, Mercury Casualty Company dba Mercury Insurance alleges as follows:

## I.
## RELEVANT BACKGROUND

1. Plaintiff Gloria Meza commenced this matter styled *Meza v. Mercury Ins. Co.* in the Eighth Judicial District Court for the State of Nevada in and for the County of Washoe as case number CV23-01883. A true and correct copy of the summons and complaint is attached hereto as **Exhibit A**.

2. Plaintiff served his summons and complaint on January 19, 2024, by serving the materials personally to the Nevada Department of Business and Industry, Division of Insurance. The Division effected service of process on Defendant on January 22, 2024. A true and correct copy of the letter from the Division of Insurance is attached hereto as **Exhibit B**.

3. This is a civil action for breach of contract, breach of the covenant of good faith and fair dealing, violations of NRS 686A.310. Plaintiff seeks damages for breach of contract, tort damages for negligence, and punitive damages.

## II.
## CITIZENSHIP

4. The district courts of the United States have original jurisdiction of this action by virtue of 28 U.S.C. section 1332 because there is complete diversity of citizenship between the parties.

5. Mercury Casualty Company dba Mercury Insurance is now, and was at the time the State Court action was filed, a duly licensed corporation

1   incorporated in the State of California with its principal place of business in
2   California.  It has never been a citizen of the State of Nevada.
3        6.     Mercury Casualty Company dba Mercury Insurance is informed and
4   believes that Plaintiff is now, and was at the time the State Court action was filed,
5   a citizen of the State of Nevada.
6        7.     The DOE Defendants in this action have not been identified and are
7   merely nominal parties without relevance to the action.  Therefore, the citizenship
8   of defendants sued under fictitious names shall be disregarded in accordance with
9   28 U.S.C. section 1441 (b).

## III.
## REMOVAL JURISDICTION

12       8.     Although Mercury Casualty Company dba Mercury Insurance denies
13  the allegations in the complaint, it is apparent from substantive allegations, along
14  with information contemporaneously submitted by plaintiff during the handling of
15  the claim, that the matter in controversy exceeds $75,000, exclusive of interest and
16  costs because:
17       a.     This action arises from plaintiff's claim for underinsured
18  motorist benefits stemming from a motor vehicle accident.  The policy's limit for
19  underinsured motorist coverage was $50,000 per person.  Though the policy limit
20  does not exceed $75,000, plaintiff that she "…has ongoing medical issues and
21  permanent disabilities, and her damages to date exceed $50,000, and the alleged

1  bad faith conduct and contractual breach has a value in excess of $50,000."[1]  In
2  addition, there are several examples of cases with very low contractual damages
3  resulting in verdicts well in excess of $75,000.  State Farm attaches the following
4  three examples to its Petition for Removal,

5      **a.** In *Hires v. Republic Insurance Company* the unpaid portion of the claim
6          was $5,800 and the verdict was $410,000 for compensatory damages and
7          $22,500,000 for punitive damages. **Exhibit C;**

8      b. In *Ohlson v. Mid-Century Ins. Co.* the compensatory damages were
9          $100,000 and the punitive damages totaled $1,500,000.  **Exhibit D.**
10         Using the same ratio, the punitive damages in this matter would be
11         $375,000;

12     c. In *Jordan v. GEICO*, GEICO paid its full policy limit of $100,000 to each
13         of two insureds, but a jury returned a verdict of $650,000 in bad faith
14         damages for delay and initially denying one of the claims.  **Exhibit E**.

15  Additional cases that support Mercury's position that the damages will
16 plausibly exceed $75,000 include *Flores v. Standard Ins. Co.*, No. 3:09-CV-00501-
17 LRH-RAM (D. Nev. Jan. 15, 2010) ["*Flores*"], *Ace v. Aetna Life Ins. Co.*, 40 F. Supp.
18 2d 1125 (D. Alaska 1999) ["*Ace*"], and *Merrick v. Paul Revere Life Ins. Co.*, 594
19 F.Supp.2d 1168 (D.Nev.2008).

20  In *Ace*, the insured had contractual damages of $27,009 in contractual
21 damages.  The jury awarded $100,000 in emotional distress for bad faith and
22
23 ---
[1] Exhibit A, p. 7:15-17.

1  $950,000 in punitive damages.  If a similar ratio emotional distress and punitive
2  damages were awarded in this case, plaintiff's damages could exceed $2,000,000.
3  In *Merrick*, the jury awarded punitive damages that were 8.18 and 12.28 times the
4  compensatory damages for the respective defendants.  Though the larger ratio was
5  reduced to 9:1, a *much* smaller ratio of punitive to compensatory damages in this
6  case of 0.5:1 would result in damages in excess of $75,000.

   Factoring in the potential for general and special damages arising from the
8  claim of bad faith and demand for punitive damages, Mercury Casualty Company
9  dba Mercury Insurance is informed and believes that plaintiff will seek more than
10 $75,000 in this lawsuit.  Moreover, plaintiff seeks to recover attorney's fees as
11 damages in this matter, further stretching the amount in controversy beyond the
12 jurisdictional minimum.

### IV.
### TIMELINESS OF REMOVAL PETITION

15  9.  Plaintiff filed the complaint on October 23, 203, and served it on
16 January 19, 2023.  Removal is timely as Mercury Casualty Company dba Mercury
17 Insurance filed this notice of removal within thirty days of service, and within one
18 year of the complaint's filing.  28 U.S.C. § 1446(b).

### V.
### VENUE

21  10.  Venue is proper in the United States District Court, District of
22 Nevada, as plaintiff filed the Complaint in the District Court for the State of
23 Nevada, in and for the County of Washoe.  28 U.S.C. § 1331.

1. 11. The adverse parties received written notice of the filing of this Notice of Removal, and Mercury Casualty Company dba Mercury Insurance will file a copy with the Clerk of the District Court in and for the state of Nevada, County of Clark, pursuant to 28 U.S.C. section 1446(d).

WHEREFORE, Mercury Casualty Company dba Mercury Insurance prays that this action be removed to the United States District Court, District of Nevada, from the District Court of Nevada, County of Clark.

DATED February 6, 2024.

CARMAN COONEY FORBUSH PLLC

By _____
SEAN D. COONEY, ESQ.
ADAM C. EDWARDS, ESQ.
Attorneys for Defendants
Mercury Casualty Company dba Mercury Insurance

# CERTIFICATE VIA CM/ECF

Pursuant to FRCP 5, I hereby certify that I am an employee of CARMAN COONEY FORBUSH PLLC, and that on February 6, 2024, I caused to be served via CM/ECF a true and correct copy of the document described herein.

**Document Served:**

### PETITION FOR REMOVAL

**Person(s) Served:**

Julie M Throop
Terry A. Friedman
LAW OFFICES OF TERRY FRIEDMAN AND JULIE THROOP, PLLC
300 S. Arlington Ave.
Reno, NV 89501
Attorney for Plaintiff,
Gloria Meza

/s/Brittany Turner

---

**CARMAN COONEY FORBUSH PLLC**